### No. 13,475.

### SUCCESSION OF MRS. MARY E. ROYER.

#### SYLLABUS.

On an appeal from an interlocutory judgment dissolving and setting aside a writ of sequestration, plaintiffs and appellants charge that defendants and appellees sought and are seeking illegally to remove property away, forming the assets of a succession on which they claim rights.

Plaintiffs made the usual allegations for a writ of sequestration, and the main demand was sufficiently set forth to show a necessity for issuing that writ.

A PPEAL from the Civil District Court, Parish of Orleans— *St. Paul, J.*

*James B. Rosser, Jr.,* for Mrs. Charlotte Miller, Wife of James D. O'Brien, Plaintiff, Appellant.

*Buck, Walshe & Buck* for Dr. George Huhner, Testamentary Executor, and Dr. C. Louis Royer, Heir and Legatee, Defendants, Appellees.

The opinion of the court was delivered by

BREAUX, J. This is an appeal from an interlocutory judgment dissolving and setting aside a writ of sequestration.

The late Mary Elizabeth Royer died in New Orleans on the 4th day of August, 1893, leaving a last will and testament in the form of a nuncupative will by private act, dated the 12th day of October, 1892. This will was probated at the instance of Franz T. Royer on the 17th day of June, 1898. The universal legatee under the will was Franz Theodore Royer, the husband of the testator. He was recognized as universal legatee, and went into possession of the property of the succession on the 24th day of January, 1898, and plaintiffs and appellants

charge, that after he went into possession of the property of the succession of the testator, he attempted to perfect the title to a piece of community property which he had sold without right to sell it, after the death of his wife, but before the will in question had been probated.

On the 15th day of December, 1899, Franz Theodore Royer, husband of, and universal legatee named in the will of, Mary E. Royer, died testate. Dr. Huhner is his testatmentary executor; and his brother, Dr. Louis C. Royer, his residuary legatee. In January, 1900, the heirs at law of Mary Elizabeth Margloff, predeceased wife of Theodore Franz, instituted a suit seeking to annul the judgment probating the will and to have the will declared null and void, for the reason that none of the essential formalities required by Articles 1581 and 1582 of the Civil Code have been complied with; that the execution of the will was attempted while she was in her last illness and under "marital duress" of her husband and in fraud of petitioners' rights. Plaintiff in this suit further alleges that the husband did not have the will probated, but kept it in his possession for four years before it was filed for probate and probated and this without making its existence known prior to its probate; that to the day of his death, Franz T. Royer was in possession of all the property which formerly belonged to the community existing between the late husband and his predeceased wife, and that he, alone, knew of what it consisted, as no inventory was taken of the property which belonged to his predeceased wife, and he never mentioned to anyone that he had possession of community property; that he fraudulently concealed the money, funds, and securities and other valuable assets belonging to her estate.

Plaintiffs and appellants charge that although Dr. George Huhner, testamentary executor of the last will and testament of the late Franz T. Royer, knew of their rights as co-heirs of the late Mrs. Royer, he, none the less, delivered to Dr. C. Louis Royer, brother and heir of Franz T. Royer, all the property and assets belonging to Mrs. Elizabeth Royer, which is still in his possession.

Defendant and appellee pleaded and caused to be filed an exception that plaintiffs' and appellants' position disclosed no cause of action, and that the executor, Dr. Huhner, no longer had any interest; that he became *functus officio* when judgment was rendered putting Dr. Louis Royer in possession. The legatee, Dr. Louis Royer, also interposed an exception on the same ground.

Pending these exceptions, prior to their trial, a supplemental petition

was filed, substantially on the same ground, and containing averments for a writ of sequestration, which writ was issued in accordance with plaintiffs' petition. Dr. C. Louis Royer filed a rule to set aside the writ of sequestration on the ground that the allegations and the affidavit upon which the order of sequestration is based, are insufficient in form and substance to warrant the issuance of the writ, and, in point of fact, untrue; that in any event, the particular property mentioned in the petition for, and in the writ of, sequestration, as having been sequestered, was the separate property of the late Franz T. Royer, acquired with his funds. While passing upon the rule in question, the judge of the district court sustained plaintiffs' application to amend their petition and file a supplemental petition on the ground that the amendment was not directed to the substance of the demand, but to the form of the petition, and that, in consequence, the application to amend had not come too late, although filed after the exception had been maintained. The judge a quo further held, that as to the sequestration, the amendment and supplement could not be considered, for the reason that the writ must stand or fall upon the petition as filed and sworn to for the sequestration; and, moreover, that plaintiffs had no right of ownership except in a gas deposit certificate of fifteen dollars and an old iron safe of little value. The plea of prescription was referred to the merits.

The judgment of the district court sustained the exception of no cause of action, and dissolved the writ of sequestration, and granted to plaintiffs leave to amend their petition. Plaintiffs appealed from the judgment dismissing their supplemental petition and dissolving the writ of sequestration.

On appeal, plaintiffs and appellants filed a motion setting forth that since the rendition of the judgment herein appealed from, the case has been tried on its merits, and the last will and testament of Mrs. Mary E. Royer declared null and void upon plaintiffs' allegations of fraud, and for that reason they ask that further consideration of this appeal be continued to be heard upon the trial on the main issue on the merits, whenever the appeal shall be brought up to this court.

The appeal is from the judgment dissolving the sequestration. We copy the following from the order of appeal: "A suspensive appeal be and the same is hereby granted (to plaintiffs) from the judgment dismissing plaintiffs' supplemental petition and dissolving the writ of sequestration obtained on their supplemental petition." We refer par-

ticularly to this order of appeal for the reason that the rule to dissolve and the exception to the main action, although separately presented and filed, became a somewhat blended one during the trial in the district court. One judgment covers both the rule and the exception, but on appeal only that part of the judgment which relates to the sequestration is before us. Under the pleadings, we are called upon to determine only whether the writ of sequestration should be sustained or dissolved. The writ must stand or fall upon the petition as filed for its issuance.

. But at this point the question arises, have not the plaintiffs averred cause sufficient to sustain a writ of sequestration in their petition, to which we have just referred? Plaintiffs charge in their petition that the late Franz T. Royer illegally went into possession of the property of his predeceased wife and merged it into and with his own property; that the present executor, Dr. Huhner, after having been served with a copy of their original petition and citation, in disregard of their demand, and of their right, and of the court's order which issued on their petition, delivered to Dr. Louis Royer, brother and heir of Franz T. Royer, property with which plaintiffs became vested on the death of Mrs. Elizabeth Royer, from whom they inherited it, and property, also, of the late Franz T. Royer, to which they laid claim as his creditors, growing out of their inheritance of the estate of Elizabeth Royer. This petition is an amendment to an original petition in which plaintiffs charged that Mrs. Elizabeth Royer had made a will which was null and void, because made under duress, as before stated by us.

Defendants are charged with attempting to conceal the property, books, accounts, and papers, with the view of taking advantage of plaintiffs, and of defrauding them. In addition to the several charges of fraud, the petition contains the usual averments for a sequestration. The affidavit is in the usual form. This court decided in Adams vs. Lewis, 7 N. S. 400, possibly an extreme case, that a writ of sequestration, though it issued improvidently, will not be set aside if there are grounds sufficient for immediately reinstating it. Under the authority of that decision, the sequestration here can well be sustained on the face of the papers, for, if it be true as charged, that an heir residing abroad is attempting to remove the property of said succession to his domicile to the detriment of the rights of heirs residing here, that, in itself, would be cause sufficient to reinstate the sequestration in order to prevent the perpetration of a wrong.

Again, the affidavit is *prima facie* evidence of the facts authorizing

the writ. This presumption, it is true, the defendant may rebut by evidence. There are facts alleged and sworn to that are not rebutted by evidence, and are sufficient in themselves, until rebutted, to sustain the writ.

We are informed by the opinion, that the sequestration was dissolved by the district court on the ground that the writ had issued upon plaintiffs' claim of ownership of property. The district court found that they had no right of ownership save as to a gas deposit and an iron safe of small value, and applied the rule *de minimis non curat lex.* Even from the point of view laid down by our brother of the district court, we think it proper to sustain the writ instead of dissolving it. In our view, the amount, or rather the value of the property before mentioned, though not large, is large enough to restrain at least enough of the succession assets as may be needful for its satisfaction. True, the original demand was all dismissed with reservation to plaintiffs to amend. This dismissal of the whole case necessarily carried with it the writ of sequestration; that was the unavoidable result from the premises laid down by our worthy brother of the district court. But we have taken a different view of plaintiffs' rights, as relates to the sequestration. The right *vel non* to a sequestration is the only issue with which we are dealing at this time, as the case is not before us on the merits. We are of the opinion that the demand was specific enough to serve as a basis for a sequestration, and that the sequestration itself, for that reason, should not have been dissolved. Although the main demand may not have been broad enough to embrace all the rights plaintiffs claimed, it was broad enough as to some of the rights claimed by them, and to that extent, at least, the sequestration should have been sustained, at any rate until defendant proves that plaintiffs are not entitled to the rights claimed.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court dissolving the writ of sequestration issued in this case, be annulled, avoided, and reversed.

It is further ordered, adjudged, and decreed that the writ of sequestration be reinstated, and that the case be proceeded with as relates to the sequestration as if no judgment annulling it had been rendered by the district court.

Rehearing refused .